UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE DESOTO GROUP, LLC                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:20-CV-677-KHJ-LGI

LINETEC SERVICES, LLC                                                                  DEFENDANT

ORDER

This matter is before the Court on Defendant Linetec Services, LLC's ("Linetec") Motion to Dismiss [38] and Plaintiff The Desoto Group, LLC's ("Desoto") Second Motion for 56(d) Relief to conduct discovery [40]. The Court finds that Desoto's Second Amended Complaint does not comport with the requirements of the Federal Rules of Civil Procedure 8 and 10. The Court will allow Desoto to amend its complaint to conform with the rules, after which Linetec may renew its Motion to Dismiss, if necessary. For the reasons below, the Court denies Linetec's Motion to Dismiss without prejudice and denies Desoto's Second Motion for 56(d) Relief as moot.

I.      Procedural and Factual History

This case arises out of a commercial dispute between Desoto and Linetec. Desoto sued Linetec in October 2020. [1]. Two months later, Desoto amended its Complaint of right. [10]. Following a motion to dismiss by Linetec, Desoto successfully moved to amend its Complaint again. [37]. Linetec then moved to dismiss Desoto's Second Amended Complaint, arguing in part, that the Complaint

fails to meet the pleading requirements laid out in Federal Rule of Civil Procedure 8.

II.     Pleading Standards

Rule 8 of the Federal Rules of Civil Procedure sets out the general rules of pleading in federal court. Fed. R. Civ. P. 8. A party seeking relief must file a complaint containing three basic components: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief sought. *Id.* 8(a). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1).

Rule 10 of the Federal Rules also applies to the substance of pleadings, requiring parties to state claims in numbered paragraphs "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity and conciseness in pleadings, Rule 10 (c) also permits parties to adopt earlier statements in the pleadings elsewhere simply by reference. *Id.* 10(c).

The circumstances of each case will dictate just what is "short and plain" enough to satisfy Rule 8, but pleadings with "excess verbiage and irrelevant, repetitious, unintelligible allegations" do not comply with the Rule. *Jumonville v. Dep't of Treasury*, No. 94-30583, 1995 WL 136507, at *2 (5th Cir. Mar. 16, 1995). Such pleadings also violate Rule 10(b) if the theory and basis of counts are not distinguishable or if it is difficult to discern the legal claims asserted. *See e.g.*, *Palmer v. Albertson's LLC*, 418 F. App'x 885, 889 (11th Cir. 2011) (dismissal of claim where several claims are laid out in one count); *Hayes v. Williamsville Cent.*

*Sch. Dist.*, 506 F. Supp. 2d 165, 171 (W.D.N.Y. 2007) (dismissal of complaint for being "unduly lengthy" and not adequately putting defendant on notice as to what claims are asserted against it); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1337 (M.D. Ala. 2007) (finding a violation of Rule 10 where complaint makes "no attempt to identify which facts are relevant to which . . . claims" and where "it is unclear whether facts exist which would support elements.").

When a party violates Rules 8 and 10, the Court may order parties to file an amended complaint in compliance with the rules, limit pleadings to a certain number of pages, or dismiss the complaint without prejudice. *See Barnes v. Tumlinson*, 597 F. App'x 798, 798–99 (5th Cir. 2015); *Old Time Enters. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989); *Gordon v. Green*, 602 F.2d 743, 746-47 (5th Cir. 1979). And in the most extreme circumstances—such as the repeated violation of a prior orders requiring compliance—the Court can order dismissal with prejudice. *Barnes*, 597 F. App'x at 799; *see also Gordon*, 602 F.2d at n. 14.

III.   Analysis

Desoto's Second Amended Complaint does not follow Rule 8(a) and 10(b)'s requirements. To start, the Complaint is voluminous, repetitive, and disorganized. It is nearly 400 pages, including exhibits; it gives multiple (slightly contradictory) renditions of facts;[1] and the timeline of facts is broken and scattered. [37]. Desoto

---

[1] The attached exhibits include multiple copies of the same documents. Addendum 3 for example includes two copies of the same Master Agreement and copies of the same emails within its 54 pages. [37-3].The complaint gives varied accounts of the same story: Paragraph 9 mentions Linetec saying it would only use 500 of its own mats; paragraph 16

attaches hundreds of pages of exhibits but relies on few of them. Volume is not problematic if necessary to adequately assert Desoto's claims. But Desoto simply repeats the same facts at different times in the Complaint and does not set out a coherent timeline of events. Organization and brevity are especially important, here, where Desoto's causes of action center on when the contract was formed and the circumstances surrounding the commercial transaction between Desoto and Linetec.

Elements necessary for asserted causes of action should be provided and paired with corresponding facts to efficiently make a short and plain showing that Desoto is entitled to relief under every theory.[2] Within the body of the Complaint, the numbered paragraphs do not set out discrete facts as Rules 8 and 10 requires. Instead, several paragraphs are a page long. [37] at ¶¶ 9, 43. When the complaint asserts facts, it does so vaguely and verbosely to, as Linetec points out, "bury" the material allegations. [38] at 20. In between relevant facts and addenda are assertions that the Court struggles to find important in a case against Linetec. For example, the claim that "Southwest [Gas Holdings Inc.] failed to insure [sic] that Linetec complied with [its] code of conduct" is not referenced at any other point throughout the whole pleadings, nor has Desoto explained its relevancy to any of its claims. [37] ¶ 6; *see*

---

asserts multiple times that Linetec would use 500 or less mats; paragraph 17 recounts an email about approximately 500 mats; paragraph 22 states that Linetec told Destoto that it "might use up to" 500 mats; and attached addenda include multiple copies of the same email from Linetec's representative saying it plans to use 500+ mats. [37].

[2] The Court agrees with Linetec that Desoto appears to argue remedies of as causes of action. Constructive Trusts, Accounting, Declaratory Judgment, and Punitive Damages are remedies and not independent claims, and Desoto should plead them as part of its prayer for relief.

*also* [37-1] (29-page-long Southwest Gas Holdings Code of Ethics). Addendum 6 appears to be a soil research report and map legend not relevant to the litigation. [37-6]. And Addendum 4 contains several pages of satellite and topological maps that do not help assert a claim. [37-4] at 17–26. As a result, the Complaint's recitation of facts is difficult to follow.

The Second Amended Complaint also quibbles with Linetec's prior filings. For example, in paragraph 12 Desoto states, "In its motion to dismiss, Linetec frivolously conflates the matting contract with the generic [Master Agreement] . . . the contention . . . is patently frivolous on its face." [37], ¶12. Under Rule 3, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3 (emphasis added). Complaints operate as the foundation from which the rest of the case is built. Zealous advocates might be argumentative in their pleadings, but complaints should allege facts and legal claims and set the litigation's initial parameters, ultimately inviting a response from opposing parties. Desoto should not argue with former dismissed motions but instead should provide an initial "short and plain statement[s] of the claim showing that [Desoto] is entitled to relief." Fed. R. Civ. P. 8(a).

The purpose of the Federal Rules is three-fold: to secure a just, speedy, and inexpensive determination of matters before the courts. Fed. R. Civ. P. 1. Uselessly voluminous, vague, inconsistent, and incoherent pleadings frustrate these purposes. The Court lacks the time or the obligation to sift through 400 pages of exhibits to consider whether a plaintiff states a claim. Rule 8 puts the burden on the plaintiff to show he is entitled to relief. In its Second Amended Complaint, Desoto has failed

5

to provide simple, concise, and direct allegations. Instead, it provides "pages of . . . prolix and redundant pleadings." *Gordon*, 602 F. 2d. at 746.

IV.     Conclusion

For the reasons stated, the Court finds that Desoto's Second Amended Complaint does not meet the 8(a) and 10(b) standards required by the Federal Rules of Civil Procedure.

The Court DENIES WITHOUT PREJUDICE Linetec's Motion to Dismiss [38]. The Court DENIES AS MOOT Desoto's Second Motion for 56(d) Relief. [40].

IT IS FURTHER ORDERED that the Court will allow Desoto to amend its Complaint again to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure within 14 days from today.

SO ORDERED, this the 25th day of August, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE